E-FILED
Thursday, 30 December, 2021  12:15:10 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-10041 |
| | ) | |
| ALEXANDER SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF RULE 16 DISCOVERY</u>**

This matter came before the Court on December 20, 2021 regarding Defense motion for production of Discovery.  After argument before the Court, the parties were provided until January 3, 2022 to present examples of how this issue is being resolved in other Districts.  Counsel for the Defendant contacted the Federal Defender National Help desk and a message was sent to all districts inquiring about child forensic interviews and redaction of body cameras – that include the alleged victim – specifically whether they are provided in traditional Discovery and under what parameters.

Counsel has received numerous responses, all affirming the government's obligation to produce these materials unredacted and authorizing copies of the evidence to be maintained by the Federal Public Defender's office.  Counsel also contacted the attorney representing Mr. Smith, at the state level, to inquire what discovery had been provided to him by the state prosecution.  Counsel learned that he was provided all discovery electronically including the items contested before this Court and the complete Cellbrite extraction with any pornographic images redacted.

**I.    RESPONSES FROM FEDERAL DISTRICTS**

Several Districts, including the Central District of Illinois, responded to the inquiry in the affirmative.  Below is a summary of the results and specific case citations with examples where these materials have been provided without issue –

Victoria Calvert, AFPD in the Northern District of Georgia responded that she executes a protective order, client may not have his own copy but may view her copy, and she may share a copy with other members of the defense team such as experts.  She provided two recent citations:

**U.S. v. Shun Xiao**, 3:20-cr-17-TCB (N.D. Ga. 2020).
**U.S. v. Emanuel Gray**, 1:18-cr-487 (N.D. Ga. 2021).

Jonathan Byrne, AFPD from the Southern District of West Virginia replied that he has been given the materials both with and without protective orders:

**US v. Larry Allen Clay, Jr.,** 2:21-cr-00062-1, Dkt. Nos. 26, 27
**US v. Robert Dale Eady**, 2:21-cr-00206, Dkt. Nos. 22, 24

Mary Ellen Coleman and Emily Marroquin Jones both AFPDs for the Western District of North Carolina responded with examples where they were not required to enter into protective orders:

**United States v. Miranda Dotson** 1:19-cr-120
**United States v. David George** 1:19-cr-42
**United States v. Arlen Flores** 1:19-cr-18, 1:18-cr-102
**United States v. Gabriel Goss** 1:18-cr-54
**United States v. Lonnie Armachain** 1:17-cr-104
**U.S. v. Cameron Brewer**, 1:20 CR 31
**U.S. v. Jacob Gardea**, 1:18 CR 149
**U.S. v. Kenneth Ingle**, 1:20 CR 99
**U.S. v. Keith Saunders**, 1:19 CR 24
**U.S. v. James West**, 1:19 CR 131

Katrina Young, AFPD from the Eastern District of Pennsylvania responded that she receives taped interviews without issue and provided examples of current cases:

**US v. Jerry Zweitzig**, 2:19-cr-00311-001 and 2:20-cr-00153-001, No.20-2944 & No. 20-2944 (3rd Cir. 2021)
**US v. Derrick Parris**, 2:19-cr-00101
**US v. Richard Blong**, 2:19-cr-00302
**US v. Jonathan Goerig**, 2:20-cr-00137
**US v. Mark Hillis**, 2:20-cr-00236

Rhett Johnson, AFPD Southern District of West Virginia, provided an example with a 14 or 15 year old victim that was released utilizing a protective order:

**US v. Joshua I. Morrison**, 3:18-cr-00_

Robin Robertson, AFPD from the Northern District of Alabama, provided the motion to compel Filing No. 20, the Government's response Filing No. 21, Defense's reply Filing No.22 and the order granting the motion, Filing No. 41 from the following example:

**US v. Rick Lee Evans**, 1:14-cr-00333 (Northern District of Alabama, Eastern Division)

Colin Prince, AFPD Eastern Washington and Idaho, cited a check cashing case where there were similar discovery issues and provided the following citation from the Court stating that there is "simply no reason to believe that the criminal-defense bar cannot maintain the confidentiality of the information in this case."

Further, there is no reason to believe that duplication will risk accidental disclosure. BTG and all defense counsel remain covered by the existing protective order and remain responsible for safeguarding the information. And the information presents no abnormal risk of disclosure—indeed, courts and lawyers routinely handle *vastly* larger amounts of personal information every day in the average consumer class action. *See, e.g.*, Jeff Kosseff, *The Elusive Value: Protecting Privacy During Class Action Discovery*, Geo. L.J. 290, 311 (2008) (citing *Orlowski v. Dominick's Finer Foods, Inc.*, 1998 U.S. Dist. Lexis 526, at *6 (N.D. Ill. Jan. 16, 1998) (disclosing 1,000 employee files, including credit reports and medical information); *Rees v. Souza's Mil Transp., Co.*, 2006 U.S. Dist. Lexis 84514, at *6–7 (E.D. Cal. Nov. 8, 2006) (disclosing social security numbers of absent class members)) (additional citations omitted). There is simply no reason to believe that the criminal-defense bar cannot maintain the confidentiality of the information in this

Mr. Prince further cited the following case from the Eastern District of Washington:

**U.S. v. Vadnais**, 16-cr-209-TOR (E.D. Wa. 2016).

Troy Stabenow, AFPD Western District Missouri, provided one example:

**United States v. Trent**, 17-04065-01-CR-C-SRB (W.D. Mo. Jun. 28, 2021)

Andrew Szekely and Joanna Silver, AFPDs in the District of Maryland provided a sample protective order that authorizes release to the Defense team, which he states is routine, and the parties usually agree to a protective order.  He provided the following example containing both motion and order:

**US v. Roy David Evans**, 18:16-cr-00421
**United States v. Palomino-Coronado**, RWT-12-0287, USDC DMd; **US v. Palimino-Coronado**, 805 F. 3d 127 (4th Cir. 2015) published appeal references two forensic video interviews with a six year old victim that were provided without redaction.

4

Kyle Wackenheim, AFPD Western District of Oklahoma, asserts their district receives unredacted forensic child interviews and provided the following example:

**United States v. Guoladdle**, 19-CR-246-R (OKWD)

Finally, within the state of Illinois both the Southern District and Central District responded with recent cases. Kim Freter, Acting FPD Southern District Illinois, uses protective orders allowing Defense Counsel a copy of the video but limits the Defendant to only viewing the video with the Defense team and precluding the defendant from maintaining his own copy in custody. The example provided:

**US v. Ferris**, 20-CR-40105

Within the Central District of Illinois Federal Defenders Thomas Patton, Karl Bryning, and Robert Scherschlight identified cases where unredacted videos have been received from Mr. Hollingshead-Cook's office without issue:

**US v. Sarah Nixon**, 15-CR-20057
In February of 2021 materials were provided locally by Elly Peirson and again by Jennifer Toritto Leonardo, Senior Trial Attorney, Child Exploitation & Obscenity Section, USDOJ, Washington D.C.

**US v. Benjamin Lascelles**, 20-CR-10022
The victims ranged from 3 – 6 year's old and Ron Hanna was the assigned local AUSA.

**US v. Richard Pullins**, 21-CR-20062
Elly Peirson local AUSA provided materials involving a 7 year old alleged victim and a protective order was executed on December 9, 2021.

Counsel has received no responses where the materials in controversy were not provided as part of traditional Fed.R.Crim.Proc. 16 discovery. The only caveat being some districts utilize protective orders on a case by case basis. In Mr. Smith's case

counsel immediately executed a protective order upon the request of opposing counsel to facilitate receipt of discovery.  No rationale based in law has been provided for treating Mr. Smith differently from similarly situated defendants, even those within his own district.

## II.    STATUS OF STATE DISCOVERY

Counsel, spoke with attorney Clark Walker, who is representing Mr. Smith in the companion state case.  Without protective order, he was provided digital copies of all materials without redaction by the State Prosecutor.  The materials were delivered through some online mechanism, presumably an emailed link that allows counsel to access, share, and use the information at he sees fit.  Mr. Walker advised there were no issues receiving the discovery and it is standard practice in state court to provide this material to defense counsel.  Aside from the precedents cited herein, it is nonsensical to deny the Federal Public Defender access to materials that have already been released to private defense counsel in state court, based solely on the prosecution's discomfort or fear that the federal defender's office may release the information improperly.  Should the undersigned counsel act in such a way, not only would she breach her oath of office but she would certainly be held accountable by this Court and the Counsel For Discipline within her respective BAR Association(s).

### CONCLUSION

Undersigned counsel has diligently located numerous examples that support Compliance with Rule 16 of the Federal Rules of Criminal Procedure that the government **__must__** disclose certain information to the Defendant upon his request, including but not limited to: oral statements of the Defendant; any written or recorded statements of the Defendant; and the Defendant's prior criminal record. Fed. R. Crim. P. 16(a)(1)(A)-(B),

6

(D) (emphasis added).  Additionally, Rule 16 requires that upon a defendant's request, the government **<u>must</u>** permit the defendant to inspect **<u>and</u>** to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).  Defense counsel signed a stipulated protective order to expand traditional Rule 16 discovery to include Jenks Act material and Rule 26.2 material at an accelerated rate. (Filing No.15).  Defense counsel has acted in good faith and executed a protective order as it relates to discovery material provided in addition to that required by Rule 16.

The Defendant continues to suffer irreparable harm by this unwarranted delay in providing discovery.  The government was unable to articulate any legal basis, or cite any specific examples to justify refusing to produce the requested materials.  Further, when the Court inquired whether there had been an actual issue with discovery not being appropriately safeguarded by defense counsel, counsel for the government denied knowledge of such a problem.

The law is clear that the requested discovery must be provided to defense counsel in order to properly represent the defendant, explore defenses, and meritorious mitigation. Denying defense counsel's motion would result in disparate treatment of this defendant from others across the country and within his own district.

Counsel requests the Court order the government to immediately produce the requested discovery.  Alternatively, the Court could easily determine the government has

acted in bad faith - given the US Attorneys within the Central District and DOJ, Washington D.C. provide this discovery - and exclude the recorded interview, the body camera footage, the Cellbrite extraction and any live testimony by the alleged victim from being presented in the government's case in chief as a sanction for violating Discovery rules.


Respectfully submitted,

ALEXANDER SMITH,
Defendant.

BY: s/ Jessica P. Douglas
Jessica P. Douglas – NE #22647
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois
Phone: (309) 671-7891
E-Mail: jessica_douglas@fd.org
COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record. A copy will be sent to the Defendant by regular mail.

s/ Jessica P. Douglas
Jessica P. Douglas
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois
Phone: (309) 671-7891
E-Mail: jessica_douglas@fd.org
COUNSEL FOR DEFENDANT